105 N.J. Super. 565 (1969)
253 A.2d 577
DEPARTMENT OF HEALTH, STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PASSAIC VALLEY SEWERAGE COMMISSIONERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1969.
Decided May 22, 1969.
Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Thomas E. Durkin, Jr. argued the cause for appellant (Mr. Norman A. Doyle, Jr., on the brief).
Mr. Theodore A. Schwartz, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General, attorney).
*566 Mr. Sam Weiss, Assistant Corporation Counsel, argued the cause for the City of Newark amicus curiae (Mr. Philip E. Gordon, Corporation Counsel, attorney).
PER CURIAM.
The Passaic Valley Sewerage Commissioners appeal from the judgment entered in the Chancery Division pursuant to the opinion of Judge Mintz reported in 100 N.J. Super. 540 (Ch. Div. 1968).
To quote from its brief, the Commissioners argue that (1) "N.J.S.A. 58:12-1 et seq., upon which this action is based, gives the plaintiff no regulatory authority over the defendant"; (2) "The discharge of the involved effluent in the involved waterways is governed by a stipulation entered in the United States Supreme Court"; (3) "Defendant is exempted from regulation by * * * [N.J.S.A. 32:18-1 et seq.] upon which plaintiff's cause of action is substantially based"; (4) "Plaintiff is attempting to require defendant to immediately purchase, construct and install necessary post-chlorination equipment in violation of N.J.S.A. 58:11-10," and (5) "Assuming arguendo that defendant is governed by N.J.S.A. 58:12-1 et seq., plaintiff's cause must fail because of its failure to join indispensable parties."
We find in these arguments no reason to overturn the judgment.
The City of Newark applied for leave to intervene in this appeal, although it made no such application below. In the alternative, it applied for leave to file a brief amicus curiae. We permitted the City to file a brief limited to points not raised by the Passaic Valley Sewerage Commissioners, leaving it to final argument to decide whether leave to intervene would be granted. We deny leave to intervene and treat the city as amicus curiae.
The city argues that "the action should not have been tried and adjudged by pleadings and affidavits, but should have been ordered to plenary trial, because the affidavits did not show `palpably that there is no genuine issue as to any material fact.'" The Commissioners do not concur in this *567 argument. Laying aside the question whether an amicus curiae may raise such an argument when it was not raised below and is not a ground of appeal by appellant, we find no merit therein.
The city argues, also, that the Commissioners' "attack upon the jurisdiction of the Department was not barred by the three-month limitation period in N.J.S.A. 58:12-2." As we have seen, the Commissioners have attacked the jurisdiction of the Department, and that attack has been entertained and considered both in the trial court and by us. Insofar as this argument advanced by the city is intended to open the way to the plenary trial sought in the city's first point, it falls with said point.
In short, we find that nearly all of the arguments advanced to us by the Commissioners and the city were disposed of by Judge Mintz in his comprehensive opinion, with which we agree. Those arguments which were not before Judge Mintz we find to be without substantial merit.
Affirmed.